UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILOS KLVANA, | No. 2: 13-cv-2357 KJN P |
| Petitioner, | |
| v. | ORDER |
| C.D.C.R., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

In this action, petitioner seeks the expungement of six disciplinary convictions. Petitioner does not allege the grounds on which the convictions should be expunged. For example, petitioner does not allege that the convictions are not supported by sufficient evidence. Instead, it appears that petitioner may be claiming that the disciplinary convictions are no longer relevant, possibly due to how long ago they occurred, to determining whether he is suitable for parole.

////

////

1

1     Because the court cannot determine the grounds on which petitioner is challenging the six disciplinary convictions, the petition is dismissed with leave to amend. See Rule 2, Federal Rules Governing Section 2254 Cases (petition must state the facts supporting the ground for relief). In the amended petition, petitioner must clarify the grounds on which he is challenging the validity of each disciplinary conviction.

If petitioner is claiming that the disciplinary convictions are no longer relevant to determining his parole suitability, he must identify a particular parole suitability hearing where the disciplinary convictions were used as grounds for finding him unsuitable for parole. However, even then, a claim challenging the sufficiency of evidence supporting a parole suitability decision will most likely be dismissed. See Swarthout v. Cooke, 131 S. Ct. 859, 864 (2011). A claim alleging that the disciplinary convictions *may* be used by the Board of Parole to find him unsuitable for parole will also, most likely, be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. The petition is dismissed with thirty days to file an amended petition; failure to file an amended petition will result in dismissal of this action.

Dated: January 10, 2014

kl2357.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE