UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILOS KLVANA,<br><br>     Petitioner,<br><br>     v.<br><br>C.D.C.R,<br><br>     Respondent. | No. 2: 13-cv-2357 KJN P<br><br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 10, 2014, the court dismissed the petition with leave to file an amended petition. On February 10, 2014, petitioner filed an amended petition. For the following reasons, this action should be dismissed.

In this action, petitioner requests that six prison disciplinary convictions be expunged from his prison record because they may negatively impact his chance of being found suitable for parole. Petitioner does not allege that the Board of Parole Hearings has actually relied on any of the six disciplinary convictions to find him unsuitable for parole.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases,

1

but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir. 2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983). Ripeness is, thus, a question of timing. Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974).

As stated above, petitioner claims his disciplinary convictions will cause the Board of Parole Hearings to find him unsuitable for parole. This issue is not ripe for adjudication. Petitioner has not yet been denied parole based on these disciplinary convictions. When the Board of Parole Hearings meets, the disciplinary convictions may or may not cause the Board of Parole Hearings to find petitioner unsuitable for parole. Thus, no case or controversy currently exists, and there is a real likelihood that petitioner's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). For these reasons, this action should be dismissed on grounds that the claim raised is not ripe for adjudication.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

////

////

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2014

Kl2357.156

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3